UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRICK M. GUY, individually and on behalf of all similarly situated aggrieved employees,<br><br>            Plaintiff,<br><br>      v.<br><br>TOYS "R" US – DELAWARE, INC., a Delaware corporation; BABIES "R" US, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>            Defendants | Case No.: 16-CV-2224 AJB JMA<br><br>**ORDER GRANTING JOINT MOTION [DOC. NO. 33] & ENTERING PROTECTIVE ORDER** |

WHEREAS, because this action may require the disclosure of certain confidential, sensitive, and private information, Plaintiff DARRICK M. GUY (Plaintiff) and Defendant TOYS "R" US–US, INC. (TRU) (collectively "the Parties") have agreed to maintain the confidentiality of all such information, and have jointly moved for a Protective Order, in accordance with the terms set forth herein;

IT IS HEREBY ORDERED that, if, pursuant to proceedings in this action, any Party or third-party witness: (a) produces information or permits inspection or sampling of any tangible thing, whether informally or in response to oral examination, written discovery

requests, or subpoena duces tecum, which any Party or other person claims to constitute confidential information; or (b) receives, by an oral or written communication, information that any Party or other person claims to constitute confidential information, the following procedures shall be employed and the following restrictions shall govern:

**1. <u>Designation of Material</u>**

1.1 Any Party to this action, and any non-party from whom discovery is sought in connection with this action, may designate as "*Confidential*" or "*Confidential – Attorneys' Eyes Only*" any documents, things, interrogatory answers, responses to request for admissions, trial or deposition testimony, or other material that contains information, within either of the above designations, as hereinafter defined.

1.2 As used herein, "*Confidential*" information shall be information, data, documents, systems, and procedures of, and/or used by, TRU, and all its subsidiaries and/or affiliates, that include sensitive personnel matters, or proprietary information and systems, and/or which were developed or created in connection with TRU's clients, customers, internal guidelines and procedures, or methods, techniques, or processes, or other similar information not generally known by or available to the public. "*Confidential*" information and documents shall include proprietary and confidential systems and information, which are the property of third-parties licensed to TRU for use in connection with TRU's business. "*Confidential – Attorneys' Eyes Only*" shall include any information, data, documents, and procedures of TRU, and its subsidiaries and/or affiliates that are, in good faith, determined to contain sensitive, proprietary, confidential and/or personal information for which the producing Party in good faith believes the "*Confidential*" status would not provide sufficient protection, or such materials that are permitted or required by the Court to be produced as "*Confidential – Attorneys' Eyes Only*." "*Confidential – Attorneys' Eyes Only*" shall be subject to all the protective terms applicable to "*Confidential*" material as well as the more protective measures expressly set forth herein.

## 2. Restriction on Use and Disclosure of Designated and Non-Designated Materials

2.1 Absent a specific order of this Court, material designated "*Confidential*" or "*Confidential – Attorneys' Eyes Only,*" and any information derived therefrom, shall be used by the Parties solely in connection with this litigation, and not for any business or competitive purpose, and such information shall not be disclosed to anyone except as provided herein.

2.2 Counsel for each Party shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of any "*Confidential*" or "*Confidential – Attorneys' Eyes Only*" designated material. No copies of materials designated "*Confidential*" or "*Confidential – Attorneys' Eyes Only*" shall be made except by or on behalf of counsel for the Parties.

2.3 The restrictions contained in this Section do not apply to: (a) information that, as evidenced by written records, is or was public knowledge at the time of or prior to designation in this action, or that, after such designation, becomes public knowledge other than by an act or omission of a non-designating Party in violation of this Protective Order; or (b) information that, as evidenced by written records, a non-designating Party has lawfully obtained or may hereafter lawfully obtain from a non-Party to this action having the right to disclose such information free of any obligation of confidentiality.

2.4 In the event of any dispute with respect to the propriety or correctness of the designation of information, including testimony and documents, as "*Confidential*" or "*Confidential –Attorneys' Eyes Only*" materials, the Parties shall attempt to resolve the dispute, *pursuant to the undersigned's Chambers Rules regarding Case Management and Discovery Disputes*. In the event of failure to resolve the dispute, ~~any Party wishing to challenge the designation~~ *the parties* may file a ~~motion for an appropriate order~~ *a joint motion for determination of discovery dispute*. The information shall be treated as designated until the issue is resolved. The burden of proof with respect to the propriety or correctness of the designation shall rest on the designating Party.

3

2.5 The Court retains the authority at all times to finally review any document or information designated by a Party as "*Confidential*" or "*Confidential – Attorneys' Eyes Only*" and to determine the appropriateness of that designation, and to re-designate any document as non-confidential or "*Confidential*" if the Court determines that a Party's "*Confidential*" or "*Confidential – Attorneys' Eyes Only*" designation is not appropriate.

## 3. Marking of Designated Materials

3.1 A designation as to documents shall be made by placing a legend on each page of any document that a designating Party wishes to protect against unauthorized disclosure or use. The legend shall read: "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." All pages of documents to be so designated shall be marked prior to producing a physical copy thereof to the receiving Party. The designation of any thing as to which inspection or sampling has been requested shall be made by placing a legend reading "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the thing itself, on a tag attached thereto, or on the container within which it is stored.

## 4. Inadvertent Disclosure or Failure to Mark or Designate

4.1 If a Party inadvertently discloses any document or thing containing "*Confidential*" or "*Confidential – Attorneys' Eyes Only*" information without designating it as such, the disclosing Party shall promptly, upon discovery of such inadvertent disclosure, inform the receiving Party in writing, and the receiving Party shall thereafter treat the information as newly designated. The disclosing Party shall provide replacement copies of said inadvertently disclosed materials, with the appropriate designation, to the receiving Party within thirty (30) days of discovery of such inadvertent disclosure. The receiving Party shall make every reasonable effort to retrieve the undesignated materials from all persons who received the undesignated materials and return such materials to the disclosing Party or, if so directed by the disclosing Party, discard all copies of the undesignated materials.

4.2     If a producing Party inadvertently discloses to a receiving Party information that is privileged or otherwise immune from discovery, the producing Party shall promptly, upon discovery of such disclosure, so advise the receiving Party in writing and request that the materials or information be returned.  The receiving Party will return or destroy such inadvertently disclosed materials or information and all copies within ten (10) days of receiving the written request for return of the materials or information.  Nothing in this Paragraph shall be construed to preclude any Party from challenging whether the information was inadvertently disclosed and/or whether such disclosure waived any privilege or immunity.  Until such time, however, that it is either agreed by the Parties or determined by the Court that a disclosure was not inadvertent and/or that such disclosure waived any privilege or immunity, the information shall be treated as privileged or otherwise immune from discovery and shall not be used or disclosed by the non-disclosing Party. Nothing in this Paragraph modifies this Court's prior Order pursuant to Federal Rule of Evidence 502(d)(1). [Dkt. 16.]

4.3     Treatment by opposing counsel in conformity with the indicated designation shall not be construed in any way as an admission or agreement by any Party that the designated information is in fact confidential.

**5.     Depositions and Pretrial Testimony**

5.1     In the case of depositions or other pretrial testimony, the designation of depositions or other pretrial testimony, or portions thereof, shall be made: (a) by a statement on the record, by counsel, during such deposition or other pretrial proceedings that the entire transcript or portion thereof shall be designated as "*Confidential*" or "*Confidential – Attorneys' Eyes Only*" as appropriate, hereunder; or (b) by a written notice of such designation sent by counsel to all Parties within twenty (20) days after the deposition or testimony.  If any document or information designated "*Confidential*" or "*Confidential – Attorneys' Eyes Only*" is used during the course of a deposition, that portion of the deposition record reflecting such confidential information shall be stamped "*Confidential*" or "*Confidential – Attorneys' Eyes Only*" and access thereto shall be limited

5

pursuant to the terms of this Protective Order.

5.2     If a Party anticipates that it may disclose at any hearing or at trial any information designated "*Confidential*" or "*Confidential – Attorneys' Eyes Only*" pursuant to this Protective Order, the Parties shall consult with the Court prior to such hearing or trial regarding appropriate procedures to maintain the confidentiality of the information before the information is disclosed.

5.3     Aside from the Court, deponents, professional translators, and stenographic reporters serving the attorneys of record or the Court, only individuals otherwise authorized to receive such "*Confidential*" or "*Confidential – Attorneys' Eyes Only*" materials under the terms of this Protective Order may be present during confidential portions of the depositions or other testimony.

**6.    Access to "*Confidential*" Materials**

6.1     Information or materials designated "*Confidential*," or copies or extracts therefrom, and compilations and summaries thereof, may be disclosed or made available, in whole or in part, only to the Parties in this action and the following persons:

(a)     The Court under seal;

(b)     Parties' outside counsel of record in this action and in-house counsel and regular and temporary employees of such counsel to whom it is necessary that the information or material be shown for the purposes of this litigation;

(c)     Outside stenographic court reporters, videographers, language translators, and other organizations supplying litigation support services;

(d)     Graphics, design, or copy services retained by counsel for a Party for purposes of preparing demonstrative exhibits for deposition, trial, or other court proceedings in this action, provided that the persons to whom the information is disclosed execute an undertaking in the form attached hereto as Exhibit A, agreeing to be bound by the provisions of this Protective Order;

(e)     Non-technical jury or trial consulting services retained by counsel for a Party provided that the persons to whom the information is disclosed execute an undertaking in the form attached hereto as Exhibit A, agreeing to be bound by the provisions of this Protective Order;

(f) Outside experts and consultants as defined in Paragraph 6.3, and their secretarial and clerical assistants, provided that the persons to whom the information is disclosed execute an undertaking in the form attached hereto as Exhibit A, agreeing to be bound by the provisions of this Protective Order;

(g) Mediator(s) selected by the Parties or the Court;

(h) Any other person upon order of this Court or upon written consent of the Party producing the confidential information or material provided that the persons to whom the information is disclosed execute an undertaking in the form attached hereto as Exhibit A, agreeing to be bound by the provisions of this Protective Order; and

(i) Employees, officers, or directors of a Party, so long as such persons have executed an undertaking in the form attached hereto as Exhibit A, agreeing to be bound by the provisions of this Protective Order, before receiving any "*Confidential*" information.

6.2 The Parties shall not disclose documents designated as "*Confidential*" to putative class members, not including a plaintiff in the action unless and until one or more classes have been certified and that class member is a member of the certified class(es).

6.3 For purposes of this Protective Order, a consultant shall be defined as a person who is neither an employee of a Party nor anticipated to become an employee during the course of this litigation, and who is retained or employed as a consultant or expert for purposes of this litigation, whether full-time or part-time, by or at the direction of counsel for a Party.

6.4 Nothing in this Order shall limit any disclosing Party's use of its own documents and information, nor shall it prevent the disclosing Party from disclosing its own confidential information, documents, or things to any person. Such disclosure shall not affect any designations made pursuant to the terms of this Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

7

## 7. Disclosure to Authors and Previous Recipients

7.1 The designation of any document as "*Confidential*" or "*Confidential – Attorneys' Eyes Only*" shall not preclude any Party from showing the document to any person who appears as the author or as an addressee on the face of the document, or who has been identified by the designating Party as having been provided with the document or the information therein.

## 8. Access to "*Confidential – Attorneys' Eyes Only*" Materials

8.1 Documents or information designated as "*Confidential – Attorneys' Eyes Only*" shall be disclosed only to attorneys of record for the Parties to this action, the authorized secretarial and legal assistance staff of such attorneys, litigation, graphic, and/or design support staff as provided in Paragraph 6.1(c)-(d), the Court and Court personnel as provided in Paragraph 6.1(a), and, subject to Paragraphs 6.1(e)-6.1(f), to consultants, experts, and their staff retained by the Parties or their attorneys for purposes of this litigation. No documents or information designated as "*Confidential – Attorneys' Eyes Only*" shall be disclosed to any third-party or to any Party to this action, other than the disclosing Party, except by written stipulation of the Parties or by order of the Court. Documents or things designated as "*Confidential – Attorneys' Eyes Only*" shall not be retained, filed, or stored on the premises of any non-disclosing Party.

8.2 The Parties shall meet and confer in good faith should either Party believe disclosure of a document designated as "*Confidential – Attorneys' Eyes Only*" to a third-party or a Party to this action is necessary.

## 9. Filing Materials Under Seal

9.1 Subject to public policy, and further court order, nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected Party with appropriate notice to opposing counsel.

If the Court grants a party permission to file an item under seal, a duplicate disclosing all nonconfidential information, if any, shall be filed and made party of the public record.

The item may be redacted to eliminate confidential material from the document. The document shall be titled to show that it corresponds to an item filed under seal, e.g., "Redacted Copy of Sealed Declaration of John Smith in Support of Motion for Summary Judgment." The sealed and redacted documents shall be filed simultaneously.

9.2 No documents filed under seal shall be made available to third parties or the public except by further order of this Court or in accordance with the terms, including the permitted uses specified in this Order.

9.3 The execution of this Order shall not, in itself, operate as an admission against or otherwise prejudice any contention of any Party on any motion provided for herein, or in any other proceeding or trial in this action, nor shall this Order be taken to constitute a waiver of any Party's right to seek relief from the Court from any or all provisions of this Order.

**10. Disposition of Designated Materials at End of Case**

10.1 Within thirty (30) days of the final adjudication, or resolution through settlement, of the claims at issue herein, unless otherwise agreed in writing by an attorney of record for the designating Party, each Party shall, at the option of the producing Party, either: (a) assemble and return all "*Confidential*" or "*Confidential – Attorneys' Eyes Only*" material, including all copies thereof, to the Party or third-party witness from which the designated material was obtained; or (b) certify in writing that all such material has been discarded. If "*Confidential*" or "*Confidential – Attorneys' Eyes Only*" material is directed to be returned, the producing Party shall acknowledge receipt of such material in writing.

10.2 Unless otherwise agreed, outside counsel for each Party may retain one (1) archival copy of "*Confidential*" or "*Confidential – Attorneys' Eyes Only*" material, and this Protective Order shall remain in force with respect to such material.

**11. Duration of Order**

11.1 All provisions of this Protective Order, other than the confidentiality provisions of Paragraph 2 and the provision of Paragraph 10.2 pertaining to the archival copies, shall expire one month after compliance by all Parties with Paragraph 10.1 hereof.

9
PROTECTIVE ORDER
CASE NO. 16-CV-2224 AJB JMA

The confidentiality obligations imposed by this Order shall survive any such expiration unless otherwise expressly ordered by this Court upon a duly noticed motion and hearing.

**12. <u>Modification of Order</u>**

12.1   The Court may modify this Protective Order in the interests of justice or for public policy reasons.

12.2   Nothing in this Protective Order shall prevent any Party from applying to this Court for entry of an Order declassifying a document which has been designated "*Confidential*" or "*Confidential – Attorneys' Eyes Only*." This Protective Order shall not prevent any Party from applying to this Court for relief therefrom or from applying to this Court for further or additional protective orders, or from modifying this Protective Order by mutual agreement, subject to the approval of this Court.

DATED: April 19, 2017      _____
Hon. Jan M. Adler
U.S. Magistrate Judge

# EXHIBIT A

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRICK M. GUY, individually and on behalf of all similarly situated aggrieved employees,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TOYS "R" US – DELAWARE, INC., a Delaware corporation; BABIES "R" US, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>　　　　　Defendants | Case No.: 16-CV-2224 AJB JMA<br><br>**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**<br><br>Complaint Filed: July 22, 2016<br>Removal Filed:　 September 2, 2016s |

　　　　I, _____, declare and state that:

　　　　1.　　I am employed as _____
by _____.

　　　　2.　　I have read the Protective Order entered in *Darrick M. Guy v. Toys "R" Us–Delaware, Inc.*, Case No. 16-CV-2224 AJB JMA, and have received a copy of the Protective Order.

　　　　3.　　I promise that I will use any and all "CONFIDENTIAL," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, as defined in the

12

Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist counsel in the litigation of this matter.

  4. I promise that I will not disclose or discuss such "CONFIDENTIAL," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information with anyone other than the persons described in Paragraphs 6 and 8 of the Protective Order.

  5. I acknowledge that, by signing this Agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Southern District of California with respect to enforcement of the Protective Order.

  6. I understand that any disclosure or use of "CONFIDENTIAL," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

  I declare under penalty of perjury under the laws of the state of California and the United States of America that the foregoing is true and correct.

DATED: _____      _____
                       NAME