# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRICK M. GUY, Individually and on Behalf of All Similarly Situated Aggrieved Employees,<br><br>Plaintiff,<br><br>v.<br><br>TOYS R US, A Delaware Corporation Licensed to do Business in the State of California,<br><br>Defendant. | Case No.: 16-CV-2224-AJB-JMA<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION TO STRIKE DOCUMENTS PURSUANT TO FRCP 37, (Doc. No. 30); and**<br><br>**(2) DENYING DEFENDANT'S MOTION TO STRIKE CLASS DEFINITION, (Doc. No. 27)** |

Presently before the Court are two motions to strike: Defendant Toys R Us ("TRU") seeks to strike Plaintiff Darrick M. Guy's ("Guy") class definition, (Doc. No. 27), and Guy seeks to strike documents attached to TRU's motion for TRU's purported failure to disclose pursuant to Federal Rule of Civil Procedure 37. (Doc. No. 30.) Both motions are fully briefed. Having reviewed the parties' arguments in light of controlling legal authority, and pursuant to Local Civil Rule 7.1.d.1, the Court finds the matters suitable for decision without oral argument. As discussed below, the Court **DENIES** both motions.

1

## BACKGROUND

This wage-and-hour class action seeks to hold TRU liable for failing to pay to its employees certain benefits. Specifically, Guy alleges TRU maintained a policy of not paying its employees for earned "COMP" days upon their resignation or termination, thus resulting in a forfeiture of wages. (Doc. No. 25 ¶ 1.)[1] Guy also alleges TRU required its employees to use their personal cell phones as their primary point of contact, use for which employees were not reimbursed. (*Id.*)

Guy was employed with TRU at a Babies R Us store as an assistant store manager from October 29, 2014, through April 2, 2016. (*Id.* ¶ 2.) Upon his resignation, Guy asserts he had earned two "COMP" days he had not taken and that he was not compensated for those days. (*Id.*) Guy also asserts he was required to have a personal cell phone as his primary point of contact, his superior contacted him on his personal cell phone, and he was not reimbursed for expenses he incurred in maintaining that cell phone, cell phone service, and data plan. (*Id.*)

Guy instituted this lawsuit in San Diego Superior Court on July 22, 2016. (Doc. No. 1 ¶ 1; Doc. No. 1-3 at 5.) Guy seeks to represent a class composed of "[a]ll persons currently and formerly employed by [TRU] in the State of California commencing from July 22, 2012 through the date of trial . . . ." (Doc. No. 25 ¶ 6 (emphasis in original).)

TRU answered the original complaint on August 31, 2016, and immediately thereafter removed the action to this Court. (Doc. No. 1 ¶ 3.) As relevant to the instant motions, TRU asserted the affirmative defense of release by stating that the complaint "is barred, in whole or in part, to the extent that [Guy] and/or any member(s) of the putative class previously released the claims asserted in this Action." (Doc. No. 1-3 at 30 ¶ 7; Doc. No. 4 ¶ 7.) The parties' joint discovery plan also referenced the purported release of claims. Specifically, the plan states TRU's position that a portion of the putative class previously

---

[1] The Court cites to the blue CM/ECF-generated document and page numbers located at the top of each page.

released the claims brought in this case "pursuant to a class settlement in a prior wage and hour class action filed against TRU entitled *Zia Hicks [v. TRU]*, U.S. District Court, Central District of California, Case No. 2:13-cv-01302-DSF-JCG, releasing claims prior to March 21, 2014." (Doc. No. 12 at 6 [hereinafter the *Hicks* action].)

TRU filed the instant motion to strike the class definition on March 13, 2017. (Doc. No. 27.) Guy filed an opposition simultaneously with his motion to strike. (Doc. Nos. 29, 30.) Both motions have been fully briefed. (Doc. Nos. 29, 31, 36, 37.) This order follows.

## DISCUSSION

### I. Motion to Strike for Failing to Disclose

Guy urges the Court to strike documents attached to TRU's motion to strike the class definition. All three exhibits are documents that were filed in the *Hicks* action. (Doc. Nos. 27-3, 27-4, 27-5.) Guy asserts striking the documents is proper because TRU failed to identify the documents in its initial disclosures, never amended those disclosures after Guy filed the FAC, never filed a notice identifying the *Hicks* action as being related to this case, and TRU's failure to produce the documents in response to Guy's interrogatories prior to filing its motion to strike the class definition. (Doc. No. 30-1 at 11–14.)

Rule 26(a)(1)[2] requires parties to provide other parties with "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment[.]" Fed. R. Civ. P. 26(a)(1)(A)(ii). If a party fails to make the disclosures required by Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

---

[2] All references to "Rule" are to the Federal Rules of Civil Procedure.

The party facing exclusion has the burden to prove its failure was substantially justified or harmless. *Torres v. City of Los Angeles*, 548 F.3d 1197, 1212–13 (9th Cir. 2008); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). The Ninth Circuit gives wide latitude to a district court's exercise of discretion to issue sanctions for failure to disclose. *Yeti by Molly, Ltd.*, 259 F.3d at 1106. However, "[e]xclusionary sanction[s] based on discovery violations are generally improper absent undue prejudice to the opposing side." *Wertz v. Target Corp.*, No. 08-CV-78 GSA, 2009 WL 635655, at *2 (E.D. Cal. Mar. 10, 2009) (citing *Amersham Pharmacia Biotech, Inc. v. Perkin*, 190 F.R.D. 644, 648–49 (N.D. Cal. 2000)).

Having reviewed the parties' arguments and the docket in this case, the Court finds exclusion of the *Hicks* documents is not warranted. TRU should have highlighted the signifance of the *Hicks* action more prominently in the joint discovery plan. However, the Court finds that inclusion of the action—including the case name, case number, and district where it occurred—on the joint discovery plan sufficiently provided Guy with notice of the *Hicks* action such that TRU's failure to include the action in its initial disclosures is harmless. This is particularly so given that discovery is still ongoing and TRU's good faith belief that its disclosure of the *Hicks* action was sufficient. *See Blair v. CBE Grp., Inc.*, 309 F.R.D. 621, 626 (S.D. Cal. 2015) (noting that some relevant factors to determining whether exclusion is proper include "the extent to which allowing the evidence would disrupt trial" and "the nondisclosing party's explanation for its failure to disclose the evidence" (quoting *Allen v. Similasan Corp.*, 306 F.R.D. 635, 640 (S.D. Cal. 2015))). Furthermore, given the Court's denial of TRU's Rule 12(f) motion, there is no undue prejudice to Guy that would justify striking the documents attached to TRU's motion to strike. *See infra* Discussion Section II. As such, the Court **DENIES** Guy's motion.

## II. *Motion to Strike Class Definition*

TRU argues the class definition must be stricken because it is overbroad and unascertainable. (Doc. No. 27-1 at 2.) Specifically, TRU asserts that some putative class members have released the claims at issue here in the *Hicks* action, others were not eligible

to earn "COMP" days, and it will be impossible to ascertain who used their cell phones without reasonable reimbursement absent individualized inquiries. (*Id.* at 2–3, 8–11; Doc. No. 31 at 5–9.)[3]

Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Class allegations can be stricken at the pleading stage under Rule 12(f). *See Kay v. Wells Fargo & Co. N.A.*, Case No. C 07–01351 WHA, 2007 WL 2141292, at *2 (N.D. Cal. July 24, 2007)). However, courts generally review class allegations and definitions through a motion for class certification. *Velasquez v. HSBC Fin. Corp.*, No. 08-4592 SC, 2009 WL 112919, at *4 (N.D. Cal. Jan. 16, 2009); *see Thorpe v. Abbott Labs., Inc.*, 534 F. Supp. 2d 1120, 1125 (N.D. Cal. 2008) ("Motions to strike class allegations are disfavored because a motion for class certification is a more appropriate vehicle for the arguments . . . ."). Whether to strike a matter pursuant to Rule 12(f) is within the Court's discretion. *See Nurse v. United States*, 226 F.3d 996, 1000 (9th Cir. 2000).

The Court finds a motion for class certification is the more appropriate vehicle to consider the class allegations in Guy's FAC. At this time, TRU has yet to answer the FAC, discovery is still underway, and a motion for class certification is not presently before the Court. *Silcox v. State Farm Mut. Auto. Ins. Co.*, No. 14cv2345 AJB (MDD), 2014 WL 7335741, at *9 (S.D. Cal. Dec. 22, 2014) (Battaglia, J.) (denying without prejudice Rule 12(f) motion to strike class allegation because defendant had not yet answered, no discovery had been conducted, and no motion for class certification had been filed).

However, TRU's arguments regarding the propriety of the class definition are well taken. As currently defined, it is easy to see there is some overlap between this case and

---

[3] In addition to opposing TRU's motion, Guy attaches a separate objection to TRU's request for judicial notice. (Doc. No. 29-1.) As this Court's Civil Case Procedures clearly delineate, "Objections relating to the motion should be set forth in the parties opposition or reply. No separate statement of objections will be allowed." Accordingly, Guy's objection is **OVERRULED**.

the *Hicks* action and there may be some difficulty in ascertaining those who were required to use their cell phones for business purposes but were not reasonably reimbursed. Yet, while Guy's class definition may require further fine tuning, Guy should be given the opportunity to make the case for certification in a later motion where such issues can be evaluated by the Court in their entirety. Accordingly, Guy's motion to strike the class definition is **DENIED** without prejudice. *Azar v. Gateway Genomics, LLC*, No. 15cv2945 AJB (WVG), 2017 WL 1479184, at *2 (S.D. Cal. Apr. 25, 2017) (Battaglia, J.) (denying without prejudice Rule 12(f) motion, finding the motion premature and noting that courts generally "review class allegations through a motion for class certification"); *Silcox*, 2014 WL 7335741, at *8–9 (same); *see also Olney v. Progressive Cas. Ins. Co.*, 993 F. Supp. 2d 1220, 1228 (S.D. Cal. 2014) ("Defendant asks the Court to strike Plaintiff's class allegations because the class definition is overbroad and unascertainable and because Plaintiff cannot cure this deficiency by amendment. The Court agrees with Plaintiff that Defendant's request amounts to a premature effort to defeat class certification.").

## Conclusion

Based on the foregoing, the Court **DENIES** TRU's motion to strike the class definition, (Doc. No. 27), and **DENIES** Guy's motion to strike TRU's exhibits pursuant to Rule 37, (Doc. No. 30).

**IT IS SO ORDERED.**

Dated: May 22, 2017

Hon. Anthony J. Battaglia
United States District Judge